Peck, Judge,
delivered the opinion of the court. Garner obtained a decree below, from which the defendant appealed (o this court. The counsel for Garner admits that the chancellor in the court from whence this cause comes, erred in permitting to be. read as evidence, the certified copy of a paper, purporting tobe the copy of a deed from M. A. Little to W. P. Little, which was objected to by the other side; but because in consequence of this failure it is apparent to the court that justice has not been attained, and because it is probable that the complainant, Garner, on another hearing might be ena-bléd to show his equity by procuring this link in his chain of evidence, it is moved, that this cause be remanded to said chancery court for' further proofs.
We arc unhesitatingly of opinion, that this ought not to be done. Without the evidence which it is confessed is wanting, the complainant has failed in making out a case for the interference of this court; the practice insisted on would in effect make the hearing in the chancery court an experiment. We will not say, that no case could arise where this court would remand a cause; but certainly, to justify it, the case must be one where it would be apparent, that great injury would result from a denial of a motion like the present.
This cause has been once remanded, and that for a failure on the part of complainant in not putting in his replications to the answers; besides, this bill is for an injunction to stay proceedings in an action of ejectment, and that injunction can only be dissolved by a final hearing. The present bill has been long pending in court, and whatever matter of equity complainant had, should have been presented to the court lpng since.
Balch, for complainant.
Craighead and. O. B. Hays, for defendants.
The original defendant, (now dead,) was a purchaser for a valuable consideration. To say the least of it, ,it is doubtful whether Garner shows, lhathc,aslo consideration, stands in the same favourable aspect; be. that as it may, it is sufficient for us to say, that Garner has failed in his equity; we are of opinion therefore, that the chancellor erred in rendering a decree for him; therefore we reverse the decree and dismiss the bill.
Bill dismissed,